# IN THE COURT OF APPEALS OF IOWA

No. 16-0072
Filed May 11, 2016

**IN THE INTEREST OF E.H. AND H.S.,**
**Minor children,**

**S.R., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Floyd County, Karen Kaufman Salic, District Associate Judge.

A mother appeals the termination of her parental rights to two of her children. **AFFIRMED.**

Travis M. Armbrust of Brown, Kinsey, Funkhouser & Lander, P.L.C., Mason City, for appellant.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Cynthia S. Schuknecht of Noah, Smith & Schuknecht, P.L.C., Charles City, for minor children.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to two of her children, born in 2008 and 2011. She contends (1) the district court should have dismissed the termination petition, (2) the State failed to prove the ground for termination cited by the district court, (3) the department of human services failed to make reasonable efforts toward reunification, (4) termination was not in the children's best interests, (5) the district court should have granted her six additional months to work toward reunification, and (6) the district court judge should have recused herself.

## I.      *Dismissal of Petition*

At the first of two termination hearings, the mother moved to dismiss the termination petition because it failed to include a "plain statement of the facts and grounds." *See* Iowa Code § 232.111(4)(c) (2015). The district court denied the motion but advised the State to amend the petition. The court also postponed the hearing. At the reconvened hearing three weeks later, the mother renewed her request for dismissal after the district court informed the State that the older child's name was on the younger child's petition. The district court allowed the State to amend the younger child's petition to correct this mistake. The court denied the renewed dismissal motion, reasoning as follows:

> The only differences in the amended petition in [the younger child's] case are the name of the child, case number, and then also the remedies sought. Certainly given that the original petition provided notice to the parties what was being sought, . . . [t]here does not appear to be any prejudice to . . . [the mother] given that the issues and the allegations are really the same for her.

On appeal, the mother reprises her argument in favor of dismissal. We recognize deficiencies in a petition may raise due process concerns. *See In re B.E.*, No. 02-1869, 2003 WL 290386, at *1 (Iowa Ct. App. Feb. 12, 2003) (finding significant deficiencies in the State's petition but concluding the parent failed to preserve error on her due process challenge). We are not persuaded the cited deficiencies rise to this level.

At the first hearing, the mother agreed the remedy she sought was a postponement of the hearing to allow her to address any amendment that might be forthcoming. The district court granted the requested relief. At the second hearing, the court again ordered the State to amend the petition to correct the appellation in the younger child's case. The belated amendment did not prevent the mother from mounting a defense; she knew both children were subject to the proceedings and she knew the substance of the State's allegations against both. We conclude the district court appropriately denied the motion to dismiss.

## II. Ground for Termination

The district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f), which requires proof of several elements including proof the children cannot be returned to the parents' custody. On our de novo review, we are persuaded the State introduced clear and convincing evidence to support this ground for termination.

The mother has a lengthy history of substance abuse. In 2009, an Alaska social service agency intervened to protect the older child after the mother attempted to commit suicide by overdosing on Vicodin pills. The Iowa Department of Human Services began its involvement in 2010 based on another

suicide attempt, use of marijuana, excessive consumption of alcohol, and homelessness. The older child was two years old at the time. She was removed from the mother's custody and remained out of her custody through the termination hearing in December 2015.

Meanwhile, the younger child was born and was removed from the mother when she was three months old. This child remained out of the mother's custody through the termination hearing.

The department continued its involvement for the ensuing five years based on all or some of the following concerns: drug use, domestic violence between the mother and the younger child's father, the mother's untreated mental health diagnoses, and deficits in parenting skills. An opinion in a prior appeal recounts the facts in more detail. *See In re L.S.*, Nos. 14-1026, 14-1080, 2014 WL 5252948, at *1-3 (Iowa Ct. App. Oct. 15, 2014).

As recently as five months before the termination hearing, the mother communicated with the father of the younger child, in violation of a no contact order. The department, which had transitioned the mother from supervised to semi-supervised visits with the children, reverted to fully supervised visits.

After this incident, the mother appeared to recognize the danger the father posed and contacted police when he called her again. However, she continued to consume alcohol, inaccurately reported she had recently completed a substance abuse evaluation, and failed to schedule continuing appointments with the substance abuse treatment center she had attended in 2014. The department social worker overseeing the case reported: "[The mother] has . . . made no significant progress, overall, in the five years services have been

provided to her. While she has had a few short periods of time when she did better, she had not been able to maintain this." The mother conceded she was not in a position to care for the children. She testified "with a little bit more time" engaging in services, she could "have them come home safely and keep them safe." We conclude the children could not be returned to the mother's custody.

### III. *Reasonable Efforts*

The mother contends the department failed to make reasonable efforts toward reunification. *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). In her view, the department "fail[ed] to assist [her]" and "actually and actively worked against" her. To the contrary, the department furnished a litany of services over five years. There is no question the department satisfied its reasonable-efforts mandate.

### IV. *Best Interests*

The mother contends termination was not in the children's best interests. *See In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010). She cites the "strong bond" she shared with the children. *See* Iowa Code § 232.116(3)(c).

The bond was evident. But it was not sufficient to counteract the mother's propensity to engage in conduct that would jeopardize the children's health and safety or to decline treatment for conditions that would place them at risk of harm. We conclude termination was in the children's best interests.

### V. *Additional Time*

The mother contends the district court should have granted her six additional months to reunify. *See* Iowa Code § 232.104(2)(b). In her view, she "was on a steady upward path toward regaining her children."

The district court denied the request after noting that additional time was granted in 2013 and the parents received additional time as a result of other circumstances. The court stated the mother "squandered half of a decade in not addressing [her] shortcomings in order to regain custody and safely parent" the children. We concur with this assessment.

## VI. Recusal

The mother moved to recuse the judge from presiding over the termination hearing because the judge directed the State to file a termination petition. The district court denied the motion. On appeal, the mother contends the district court judge should have recused herself because the court "had a negative view" of her from prior proceedings.

The mother must show prejudice. *See In re A.B.*, 445 N.W.2d 783, 784 (Iowa 1989). She failed to make this showing. The district court was asked to take judicial notice of the child-in-need-of-assistance proceedings and appropriately did so. The court did not reach beyond the duly admitted evidence in those proceedings and in the termination proceedings in reaching its conclusions. Additionally, the court's direction to file a termination petition was statutorily authorized. *See* Iowa Code § 232.104(2)(c).

We affirm the district court's termination of the mother's parental rights to these children.

**AFFIRMED.**